[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12053

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SAMUEL LEE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cr-00061-MTT-CHW-1

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Samuel Lee Jones appeals his sentence of 28 months of imprisonment imposed after he pleaded guilty to one count of failure to register as a sex offender. 18 U.S.C. § 2250(a). Jones argues that his sentence is substantively unreasonable. We affirm.

Jones was required to register as a sex offender after being convicted of forcible rape in 2005. When he moved to Georgia in 2020, he provided multiple false addresses that were either nonexistent or vacant. He also stopped answering calls from the probation officer. When officers arrested him, they forcibly entered his home and found him hiding to avoid arrest. Jones's presentence investigation report provided a base offense level of 16, United States Sentencing Guidelines Manual § 2A3.5(a)(1) (Nov. 2021), and applied a 3-level reduction for acceptance of responsibility, *id.* § 3E1.1(a)-(b), for a total offense level of 13.

The report described his 2005 conviction for rape and a 1990 offense for child molestation that was dismissed based on a civil settlement. The report documented a criminal history category II, an advisory guideline range of 15 to 21 months of imprisonment, and a statutory-maximum term of 10 years. The report suggested that his failure to register, provision of false information, and repeated attempts to arrest him might justify an upward variance. Jones argued against an upward variance.

At sentencing, Jones sought a 15-month sentence, explaining that he had traveled to Georgia to help his sick sister, was unlikely to reoffend because he had not committed any sexual offenses since 2005, had accepted responsibility, had family ties, and was 65 with underlying health issues. The government argued for an upward variance based on Jones's history of serious sex offenses and provision of false information. The district court stated that it considered the presentence investigation report, the statutory sentencing factors, 18 U.S.C. § 3553(a), and the facts of the case and imposed a sentence of 28 months of imprisonment. It considered Jones's mitigating circumstances. But it found that Jones's attempt to evade detection supported an upward variance. In its statement of reasons, the district court stated that it considered Jones's personal history and characteristics, including his prior sex offense that was dismissed; the need to reflect the seriousness of the offense, promote respect for law, and provide just punishment; the need to afford adequate deterrence; and the need to protect the public from further crimes.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). We will disturb a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of

judgment in weighing the § 3553(a) factors by imposing a sentence that falls outside the range of reasonableness as dictated by the facts of the case." *Id.* (citation and internal quotation marks omitted). The district court may "attach great weight to one factor over others" and this discretion is "particularly pronounced when it comes to weighing criminal history." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (citation and internal quotation marks omitted). "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). "A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness." *Id.*

The district court did not abuse its discretion. Jones argues that it gave too much weight to his offense conduct. But the district court was allowed to attach "great weight" to his offense conduct and criminal history. *See Riley*, 995 F.3d at 1279. It considered Jones's mitigating circumstances. But it found that his provision of false information and hiding from arrest; his history of serious sex offenses of rape and child molestation; and the need to reflect the seriousness of the offense, promote respect for law, provide just punishment and adequate deterrence, and protect the public supported an upward variance. We cannot say the district court committed a clear error of judgment in imposing an upward variance well below the statutory maximum. *See Goldman*, 953 F.3d at 1222.

We **AFFIRM** Jones's sentence.